IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN H. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-180-C |
| | ) | |
| BOY SCOUTS OF AMERICA, INC., | ) | |
| a District of Columbia Corporation, | ) | |
| LAST FRONTIER COUNCIL OF THE | ) | |
| BOY SCOUTS OF AMERICA, INC., | ) | |
| an Oklahoma Not for Profit Corporation, | ) | |
| and THOMAS J. DUGGER, an Individual, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff was employed by Last Frontier Council ("LFC"). During Plaintiff's employment Defendant Dugger received complaints from three other employees about Plaintiff's conduct. On October 2, 2008, Plaintiff was informed by Mr. Dugger that he was suspended without pay and that he was to leave the building immediately. Plaintiff was upset about these allegations but obeyed the instruction and left the building. He then went to his church to seek counsel from his pastor. While meeting with his pastor, Defendant Dugger called Plaintiff on his cell phone wanting to visit with him. Plaintiff informed Mr. Dugger that he was in a meeting with his pastor and that he would call him back. Plaintiff then disconnected the phone. Mr. Dugger called back a few minutes later and Plaintiff ignored the call. Plaintiff did not return Mr. Dugger's call until 4:30 p.m. on October 3, 2008. On October 3, 2008, Plaintiff received two letters – one stating that he was suspended because

of the allegations made against him, and the second was a reprimand from Mr. Dugger for hanging up on Dugger and failing to call him back. Plaintiff then requested meetings with other executives of Defendants LFC and Boy Scouts of America ("BSA"). Ultimately Plaintiff was presented with the option of returning to work upon agreement with certain terms set forth in a document presented by Mr. Dugger. When Plaintiff refused to return to work under those conditions, Defendants considered that he had resigned.

Based on these actions, Plaintiff brought the present case raising allegations of religious discrimination as prohibited by 42 U.S.C. § 2000e ("Title VII"), retaliation for engaging in protected activity, breach of implied contract, and slander. Defendants have each filed individual motions for summary judgment, arguing that the undisputed facts demonstrate that Plaintiff cannot state a claim for relief.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden,

the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

The Tenth Circuit has set out the framework to analyze Title VII religious discrimination claims: "The employee must show that (1) he or she had a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed his or her employer of this belief; and (3) he or she was fired for failure to comply with the conflicting employment requirement." Thomas v. National Ass'n of Letter Carriers, 225 F.3d 1149, 1155 (10th Cir. 2000). If Plaintiff establishes this prima facie case, the burden then shifts "to the employer to (1) conclusively rebut one or more elements of the plaintiff's prima facie case, (2) show that it offered a reasonable accommodation, or (3) show that it was unable

reasonably to accommodate the employee's religious needs without undue hardship." Id. at 1156 (footnote omitted).

Here, the undisputed material facts demonstrate that the Plaintiff has failed to establish a prima facie case of religious discrimination.  Plaintiff's evidence and argument demonstrate only that he wished to meet with his pastor at that time for comfort, and  that it was not part of a regularly scheduled religious service or other activity required by his religion.  Rather, it was a personal preference as to the time and place.  The Ninth Circuit has held that an employer cannot be forced to accommodate the personal preferences of an employee in the timing of religious practices.  Tiano v. Dillard Dep't Stores, Inc., 139 F.3d 679, 682 (9th Cir. 1998).  Thus, Defendant Dugger's actions in disciplining Plaintiff for his failure to follow his directions cannot be seen as an act of religious discrimination, as defined by federal law. Further, although Plaintiff informed Mr. Dugger he was meeting with his pastor, there is no evidence in the record suggesting that Plaintiff informed Mr. Dugger that his religious beliefs required a meeting with his pastor at that time or that the meeting was anything other than a personal preference.  Thus, Plaintiff has failed to satisfy either of the first two elements of the prima facie case and Defendants will be entitled to judgment on his claim for religious discrimination.

To establish a retaliation claim, Plaintiff must "first establish a prima facie case by showing 'that: (1) [she] engaged in protected opposition to discrimination; (2) [she] suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action.'"  Wells v. Colo. Dep't of Transp. 325 F.3d

4

1205, 1212 (10th Cir. 2003), (quoting O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1252 (10th Cir. 2001)).  Plaintiff argues that his October 10, 2008, e-mail to Mr. Dugger, wherein he suggested that he had been discriminated against based on his religion,  constituted protected activity and Defendants' subsequent further actions against him were in retaliation for engaging in the protected activity.  According to Plaintiff, as a result of receiving this e-mail, Mr. Dugger escalated the investigation, eventually turning it over to the regional and national portions of the organizations.  However, there is no causal link between the initiation of any other investigation of Plaintiff and the ultimate end of Plaintiff's employment.  Rather, when Plaintiff expressed his frustration or dislike for the continued investigation, that process was terminated.  There is no evidence in the record to support Plaintiff's counsel's arguments in his brief that the investigation or the involvement of entities outside the LFC led to the imposition of conditions of employment.  Further, Plaintiff has offered no evidence to refute Defendants' demonstration that Mr. Dugger's basis for imposing the conditions of return to employment were intended to address the complaints raised against Plaintiff, rather than in retaliation for his complaints of protected activity.  In short, Plaintiff has failed to come forward with evidence refuting Defendants' demonstration of undisputed facts from which a reasonable juror could find he suffered retaliation.

Plaintiff next argues that he was employed by Defendants under an implied contract that restricted their ability to terminate him.  Fatal to Plaintiff's argument is the absence of any evidence from which an implied contract could be found.  Plaintiff fails to attach any exhibit or other evidence supporting the existence of such a contract.  Even were there some

evidentiary support for the arguments of counsel, those arguments fail to give rise to a claim for breach of an implied contract or employment under Oklahoma law. "When determining whether an implied contract exists, the Court will consider (a) the parties' acts, conduct and statements as a whole, (b) whether there was a meeting of the minds on the agreement's essential elements, (c) the parties' intent to enter into a contract upon defined terms, and (d) whether one of the parties has relied in good faith upon the alleged contract." Dixon v. Bhuiyan, 2000 OK 56, ¶ 10, 10 P.3d 888, 891. Plaintiff has failed to offer any evidence or argument from which these elements could be satisfied. Thus, Defendants are entitled to judgment on Plaintiff's claim for breach of implied contract.

Finally, Plaintiff alleges that Defendant Dugger slandered him by filling out a form or publicizing that Plaintiff resigned, contradictory to Plaintiff's argument that Defendant Dugger completed a form designed to preclude him from recovering benefits which indicated Plaintiff was terminated for a major infraction. Simply put, the assertions by Defendants about Plaintiff and his separation from employment under either scenario – resignation or termination – do not meet the definition of slander under Oklahoma law. See 12 Okla. Stat. § 1442. Thus, Plaintiff's claims for slander fail as a matter of law.

Because Plaintiff's claims cannot prevail against any Defendant as set forth herein, it is unnecessary to determine which, if any, Defendant could have, in fact, been liable for the claims raised by Plaintiff. Accordingly, the arguments of BSA that it was not Plaintiff's employer and of Mr. Dugger that he cannot be held accountable under Title VII, are stricken as moot.

## CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment of Defendant Last Frontier Council of the Boy Scouts of America, Inc. (Dkt. No. 21) is GRANTED; the Motion for Summary Judgment of Defendant Thomas J. Dugger (Dkt. No. 22) is GRANTED; and the Motion for Summary Judgment by the Boy Scouts of America, Inc. (Dkt. No. 23) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 17th day of August, 2009.

ROBIN J. CAUTHRON
United States District Judge